UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KENNETH LEON MORROW,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 1:15-cv-1129-MHH-TMP |
| } | |
| **WALTER MYERS, et al.,** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

In his petition for writ of habeas corpus, Kenneth Leon Morrow challenges his December 14, 2011 criminal conviction for capital murder. In 2011, the Circuit Court of Talladega County accepted a guilty plea from Mr. Morrow and sentenced him to life without parole. (Doc. 1, p. 2).

Shortly after Mr. Morrow filed his habeas petition in 2015, the magistrate judge ordered Mr. Morrow to explain why the Court should not summarily dismiss his petition. (Doc. 8). Mr. Morrow did not file a response. He also did not request additional time in which to respond.

On June 14, 2018, the magistrate judge filed his report and recommendation. (Doc. 9). The magistrate judge recommended denying Mr. Morrow's petition and dismissing it with prejudice. (Doc. 9, p. 24). The magistrate judge gave Mr.

Morrow notice of his right to object. (Doc. 9, pp. 24-25). Mr. Morrow received an extension of time (Doc. 11) and timely objected on July 9, 2018. (Doc. 12).

I. STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A district court reviews for plain error proposed factual findings to which no objection is made, and a district court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

II. DISCUSSION

In his objections, Mr. Morrow asserts that the state court, the state prosecutor, and his counsel misled him about the range of punishment for capital murder (Doc. 12, p. 1) and that his "mental state before pleading guilty caused him

to plead guilty to something [he] didn't understand." (Doc. 12, p. 2). Mr. Morrow also raises ineffective assistance of trial and appellate counsel. (Doc. 12, pp. 2-4).

Concerning Mr. Morrow's contention about being misled, the magistrate judge thoroughly explained why "[t]he conclusion reached by the state courts that [Mr. Morrow]'s guilty plea was knowing and voluntary is well supported and due deference." (Doc. 9, p. 11). Mr. Morrow's generalized objection does not undermine this conclusion.

Mr. Morrow's objection about his ineffective trial counsel claim also is unpersuasive. The magistrate judge set forth the proper framework for analyzing such a claim and discussed why this Court must give deference to the Alabama Court of Criminal Appeal's review of this issue. (Doc. 9, pp. 12-13).

Mr. Morrow argues that the magistrate judge's procedural default analysis is flawed concerning his (Mr. Morrow's) claim that his appellate attorney was ineffective. (Doc. 12, p. 4). Mr. Morrow contends that although he raised the claim in his state Rule 32 petition, he never received a merits-based ruling. (Doc. 12, p. 4). The magistrate judge correctly found that during Mr. Morrow's Rule 32 petition hearing, Mr. Morrow did not offer evidence to support this appellate counsel claim. (Doc. 9, p. 18). Consequently, Mr. Morrow abandoned it. (Doc. 9, p. 18). Mr. Morrow's objection does not refute this finding. *See Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) ("A state prisoner seeking federal habeas

relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

In his objections, Mr. Morrow points out that he "has a below average I.Q. with language and comprehension disabilities" and that his "understanding of the plea was (0) zero." (Doc. 12, p. 2). Mr. Morrow argues that the trial court "should have been aware of [his] below average intelligence, and psychological problems just by [Mr.] Morrow's demeanor" and "should ha[ve] ordered a[n] independent competency hearing" *sua sponte*. (Doc. 12, p. 2).

Mr. Morrow does not include below average intelligence as a ground for habeas relief. (Doc. 1, pp. 8-14). Mr. Morrow does not mention his I.Q. or his inability to understand the plea proceedings in his Rule 32 petition. (Doc. 7-16, pp. 9-21). In his Rule 32 petition, Mr. Morrow does refer to competency, but the reference concerns his competency at the time of the burglary that gave rise to the capital murder charge against him: "The mere probability that Petitioner was competent to stand trial says nothing about his (Mr. Morrow's) mental status at the time the crime was commit[t]ed." (Doc. 7-16, p. 19). In his Rule 32 petition, Mr. Morrow argues that his attorney should have challenged portions of a psychological evaluation report relating to Mr. Morrow's mental competency at the time of the underlying incident. (Doc. 7-16, p. 19); *see* Ala. R. Crim. P. 11.3 (c)(1)

4

("Any psychiatrist or psychologist appointed by the court . . . shall submit to the circuit judge a report containing an opinion of whether the defendant is 'incompetent,' as that term is defined in Rule 11.1."). Mr. Morrow argues that, given statements made by the crisis negotiator on the day of the underlying incident, his trial counsel should have realized that Mr. Morrow was contemplating suicide despite denying that question during the psychological evaluation. (Doc. 7-16, p. 19). These arguments do not implicate Mr. Morrow's I.Q. or his ability to understand the plea proceedings in the state case.

Because Mr. Morrow did not address his low I.Q. in the Rule 32 petition (Doc. 7-16, pp. 9-21) and appears never to have presented that issue to the state courts, that claim is procedurally defaulted. Consequently, habeas relief is unavailable.

### III.   CONCLUSION

The Court has reviewed *de novo* those parts of the record relating to Mr. Morrow's objections as well as the magistrate judge's legal analysis. This Court overrules Mr. Morrow's objections and accepts the magistrate judge's recommendation. Therefore, the Court will deny Mr. Morrow's request for relief and dismiss with prejudice Mr. Morrow's petition for writ of habeas corpus.

The Court will enter a separate final judgment consistent with this opinion.

DONE this 24th day of September, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE